UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN BROTT *et al*.,

        Plaintiff,         Case No. 1:15-cv-00038

v.         Hon. Janet T. Neff
        United States District Judge

THE UNITED STATES OF AMERICA,

        Defendant.
_____/

## DISPOSITIVE MOTION CONFERENCE REQUEST

Pursuant to this Court's Information and Guidelines for Civil Practice, section IV(A)(1), Defendant, the United States of America, requests a Pre-Motion Conference. Defendant intends to file a Motion to Dismiss under Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure, asserting the following grounds.

As alleged in their complaint, Plaintiffs are property owners who own land abutting an approximately 3.35-mile railroad corridor in Muskegon County, Michigan. Plaintiffs allege that a railroad easement was granted across their property solely for the operation of a railroad. According to Plaintiffs, this easement should have reverted to the landowners when the railroad ceased its operation in March of 2009. The Surface Transportation Board ("STB"), the federal agency that has regulatory authority over certain railroad rate and service issues, issued two Notices of Interim Trail Use or Abandonment ("NITU") related to the corridor under the National Trails System Act. As alleged by Plaintiffs, these NITUs allowed the railroad to enter into negotiations with the Michigan Department of Natural Resources to convert the alleged easement for a public recreational trail. Plaintiffs have now filed suit in this Court contending

STB's actions resulted in a taking for which the Fifth Amendment to the Constitution requires that the United States pay just compensation. Plaintiffs assert the following three claims: (1) a takings claim brought under the "Little Tucker Act," 28 U.S.C. § 1346; (2) a takings claim brought under 28 U.S.C. § 1331; and (3) a claim under the Declaratory Judgment Act, 28 U.S.C. § 2201, asking the Court to declare that Plaintiffs may bring their taking claims in this Court and try them to a jury because, inter alia, those statutes that would prevent Plaintiffs from doing so are unconstitutional.

Plaintiffs' Complaint should be dismissed because this Court lacks subject matter jurisdiction to review and adjudicate Plaintiffs' claims, and in addition, Plaintiffs' claim for declaratory relief fails as a matter of law.

First, this Court lacks subject matter jurisdiction over Plaintiffs' two takings claims because Plaintiffs expressly allege that their claims exceed $10,000. *See* Compl. ¶ 156; 28 U.S.C. § 1346(a). As a result, Plaintiffs fail to articulate a statutory grant of jurisdiction and cannot demonstrate that the government has expressly consented to be sued in this Court on the takings claims the Plaintiffs raise. Indeed, the Tucker Act, 28 U.S.C. § 1491(a)(1), vests exclusive subject matter jurisdiction over constitutional claims exceeding $10,000 with the United States Court of Federal Claims, and Plaintiffs have, prior to filing this suit, filed a complaint in that court alleging the same facts and seeking the same monetary relief sought here. *See Brott v. United States*, 14-cv-567-NBF (Fed. Cl.) (filed July 3, 2014). That case remains pending.

The Tucker Act and Little Tucker Act's provisions are jurisdictional and cannot be waived. In an attempt to defeat the jurisdictional bar, Plaintiffs contend that a limitation on this Court's ability to hear such claims is unconstitutional. However, they ignore the wealth of legal

support for Congress' absolute power to prohibit suit against the government and prescribe how the government will consent to be sued. Plaintiffs ask this Court to ignore over a hundred years' worth of legal precedent affirming the prescribed waivers of sovereign immunity outlined in the Tucker and Little Tucker Act. Plaintiffs also cannot rely upon 28 U.S.C. § 1331 as a basis for this Court's jurisdiction because § 1331 does not provide a blanket waiver of sovereign immunity in suits against the federal government.

Second, Plaintiffs identify no waiver of sovereign immunity for their declaratory judgment claim. In addition, for the reasons mentioned above, Plaintiffs' contention that they can properly bring their takings claims in this Court, because the Tucker Act and Little Tucker Act are unconstitutional, fail as a matter of law. Their assertion that they are entitled to a jury trial also is also fatally flawed. Congress possesses the authority to decide if and how the United States will be sued. Thus, there is a right to a jury trial against the United States only if a statute or rule so provides. Congress has not provided a right to a jury trial in inverse condemnation cases. *See* 28 U.S.C. § 2402. Plaintiffs' declaratory judgment claim is deficient in light of the pleading standards for setting forth a plausible claim for relief, and Defendant is entitled to dismissal under Rule 12(b)(6).

For these reasons, Defendant intends to file a motion with this Court that will respectfully request that Plaintiffs' Complaint and all claims against Defendant alleged therein be dismissed.

                                                    Respectfully submitted,

Dated: March 17, 2015                    /s/ *Romney S. Philpott*
                                                          TANYA C. NESBITT
                                                          Trial Attorney, Admitted to the D.C. Bar
                                                          ROMNEY S. PHILPOTT
                                                          Trial Attorney, Admitted to the Colo. Bar.

U.S. Department of Justice
Environment and Natural Resources
Division
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 305-0492 (Nesbitt)
 (202) 305-0258 (Philpott)
Fax: (202) 305-0506
tanya.nesbitt2@usdoj.gov
romney.philpott@usdoj.gov

PATRICK A. MILES, JR.
United States Attorney

/s/ *Nicole L. Mazzocco*
NICOLE L. MAZZOCCO
Assistant United States Attorney
P.O. Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404
nicole.mazzocco@usdoj.gov