UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN BROTT et al.,

    Plaintiffs,                                      Case No. 1:15-cv-38

v.                                                    HON. JANET T. NEFF

UNITED STATES OF AMERICA,

    Defendant.
_____/

**OPINION AND ORDER**

This inverse condemnation action is before the Court on Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim (Dkt 28) under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiffs have filed a Response in opposition (Dkt 30), and Defendant has filed a Reply (Dkt 33). The Court has also accepted amicus curiae briefs in support of Plaintiffs from Pacific Legal Foundation (Dkt 20-1) and from Mountain States Legal Foundation (Dkt 21-1). Having fully considered the parties' briefs and the record, the Court concludes that oral argument is unnecessary to resolve the pending motion. *See* W.D. Mich. LCivR 7.2(d). For the reasons that follow, the Court grants Defendant's Motion.

**I. Background**

The twenty-three Plaintiffs in this case are individual, family, and small business landowners who seek just compensation under the Fifth Amendment for property taken by the federal government, specifically, a 3.35-mile railroad corridor in Muskegon County, Michigan, converted to a public recreational trail under the jurisdiction of the federal Surface Transportation Board. Pursuant to federal statute, 28 U.S.C. § 1491(a)(1), which grants the Court of Federal Claims

jurisdiction to render judgment on certain constitutional claims for damages against the United States, Plaintiffs filed a lawsuit in the Court of Federal Claims to litigate their claim for compensation.[1] Plaintiffs subsequently filed this essentially duplicative lawsuit seeking to have their claims heard in federal district court before a jury, despite the statutory limits of the "Little Tucker Act," 28 U.S.C. § 1346(a)(2), which provides federal district courts with jurisdiction to hear such constitutional claims against the United States so long as they do not exceed $10,000 in amount. Plaintiffs do not contest that their claims exceed $10,000 (Compl., Dkt 1 ¶ 156), but assert that because this action is founded upon the Constitution, the Little Tucker Act's $10,000 jurisdictional limit upon this Court's jurisdiction is invalid as contrary to Article III and the Seventh Amendment's right to trial by jury (Compl. ¶¶ 1, 29).

Plaintiffs' Complaint (Dkt 1) alleges three counts: Count One, A Fifth Amendment Claim for Just Compensation Brought under the "Little Tucker Act," 28 U.S.C. §1346; Count Two, A Fifth Amendment Claim for Just Compensation Brought under This Court's Original Jurisdiction, 28 U.S.C. §1331; and Count Three, Declaratory Judgment Act, 28 U.S.C. §2201, requesting that this Court—an Article III court, declare that it has jurisdiction to hear this case, and that to the extent the statutes at issue provide to the contrary, they are unconstitutional, and that Plaintiffs are entitled to their litigation costs and attorney fees. Defendant moves to dismiss all claims.

---

[1] On July 14, 2015, Plaintiffs' Court of Federal Claims case was stayed pending the outcome of this Court's ruling on the pending Motion to Dismiss. *Brott v. United States*, No. 1:14-cv-567, Order Denying Motion to Dismiss (Fed. Cl. July 14, 2015).

## II. Legal Standards

Defendant moves to dismiss Plaintiffs' Complaint under Federal Rule of Civil Procedure 12(b)(1), or in the alternative, under Rule 12(b)(6).

Federal Rule of Civil Procedure 12(b)(1) permits dismissal for a lack of subject-matter jurisdiction. "'When the defendant challenges subject matter jurisdiction through a motion to dismiss, the plaintiff bears the burden of establishing jurisdiction.'" *Angel v. Kentucky*, 314 F.3d 262, 264 (6th Cir. 2002) (citation omitted)); *see also Taylor v. KeyCorp*, 680 F.3d 609, 612 (6th Cir. 2012). "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). The court accepts the allegations in the complaint as true. *Id.* "'A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.'" *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir.1996)). "[S]tatutes conferring jurisdiction on federal courts are to be strictly construed, and doubts resolved against federal jurisdiction." *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1067 (5th Cir. 1984); *see also United States v. Merlino*, 785 F.3d 79, 87-88 (3d Cir. 2015).

Federal Rule of Civil Procedure 12(b)(6) authorizes the court to dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted." In deciding a motion to dismiss for failure to state a claim, the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations in the complaint as true. *Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 750 (6th Cir. 2014). However, a court "need not ... accept as true legal

conclusions or unwarranted factual inferences." *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006). The complaint must present "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### III. Analysis

#### A. Jurisdiction

Plaintiffs assert that this Court has jurisdiction over their claims under the Little Tucker Act, 28 U.S.C. §1346 (Count One), or the federal question statute, 28 U.S.C. § 1331 (Count Two) (Compl. ¶¶ 159-173). As Defendant argues, long-established precedent holds to the contrary. The Court need not delve beyond these basic jurisdictional premises to reject Plaintiffs' claims.

In the Tucker Act and Little Tucker Act, 28 U.S.C. § 1491 and §1346 respectively, Congress vested the Court of Federal Claims with exclusive jurisdiction to hear all claims against the United States founded upon the Constitution where the amount in controversy exceeds $10,000. Pursuant to the Tucker Act or the "Big Tucker Act," 28 U.S.C. § 1491(a)(1), Congress granted the Court of Federal Claims:

> jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. …

Pursuant to the Little Tucker Act, 28 U.S.C. § 1346(a)(2):

> The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:
>
> * * *
>
> (2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated

damages in cases not sounding in tort, except that the district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort which are subject to sections 7104(b)(1) and 7107(a)(1) of title 41. …

Thus, pursuant to the Tucker Act and the Little Tucker Act, this Court lacks jurisdiction over Plaintiffs' takings claims for compensation in excess of $10,000, which are within the exclusive jurisdiction of the Court of Federal Claims.[2]

It is well established that "federal courts 'are courts of limited jurisdiction . . . possess[ing] only that power authorized by Constitution and statute.'" *Siding & Insulation Co., Inc. v. Acuity Mut. Ins. Co.*, 754 F.3d 367, 375 (6th Cir. 2014) (quoting *Exxon Mobil Corp. v. Allapatttah Servs., Inc.*, 545 U.S. 546, 552 (2005)).  Only the jurisdiction of the Supreme Court emanates directly from the Constitution. *Kline v. Burke Constr. Co.*, 260 U.S. 226, 233-34 (1922).  The jurisdiction of the inferior courts is derived from the authority of Congress, which may "withhold or restrict such jurisdiction at its discretion, provided it be not extended beyond the boundaries fixed by the Constitution." *Id.* at 234.  For this reason alone, Plaintiffs' arguments are suspect.

Moreover, when a plaintiff brings claims against the United States, the question of jurisdiction turns on whether the United States has waived its sovereign immunity to permit the claims in question. *See Clay v. United States*, 199 F.3d 876, 879 (6th Cir. 1999).  "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *see also Clay*, 199 F.3d at 879 ("It is fundamental that the United States, as sovereign, is immune from suit without

---

[2]*See United States v. Mitchell*, 463 U.S. 206, 211-14 (1983) (discussing the background and history of the Tucker Act).

its consent.") (citing *United States v. Dalm*, 494 U.S. 596, 608 (1990); *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981); *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). "The 'terms of its consent to be sued in any court determine that court's jurisdiction to entertain the suit ….'" *Clay*, 199 F.3d at 879 (quoting *Dalm*, 494 U.S. at 608). And, "any waiver of the United States' immunity from suit must be unequivocal. *Clay*, 199 F.3d at 879.

The Tucker Act constitutes a waiver of sovereign immunity over the specified types of claims. *Mitchell*, 463 U.S. at 212. Federal district courts have concurrent jurisdiction over only such specified claims that do not exceed $10,000. *Id.* at 212 n.10. The statutory waiver of immunity by Congress determines the extent of the court's jurisdiction to entertain the suits governed, and such waivers must be strictly construed. *Clay*, 199 F.3d at 879.

The limitations of the consent to sue the United States under the Little Tucker Act in federal district court are unequivocal. Plaintiffs' argument that the Fifth Amendment's guarantee of just compensation is "self-executing" and not dependent on a congressional waiver of sovereign immunity is contrary to long-standing clear precedent, by which this Court is bound. Accordingly, Plaintiffs are not entitled to a "judicial inquiry" by this Court of the compensation due where that alleged compensation admittedly exceeds $10,000. *Johnson v. City of Shorewood, Minn.*, 360 F.3d 810, 816 (8th Cir. 2004) ("The United States Court of Federal Claims has exclusive subject matter jurisdiction over takings claims against the United States that exceed $10,000 in amount" (citing 28 U.S.C. §§ 1346(a)(2), 1491(a)(1); *Eastern Enterprises v. Apfel*, 524 U.S. 498, 520 (1998); *Mullally v. United States*, 95 F.3d 12, 14 (8th Cir. 1996)).

In a related argument, Plaintiffs claim that 28 U.S.C. § 2402,[3] purportedly denying these Michigan landowners a right to trial by jury despite the Seventh Amendment's guarantee of a jury trial, cannot limit this Court's original jurisdiction (Compl. ¶ 171; *see* also Pls. Resp., Dkt 30 at PageID.611-620). Defendants argue that this claim has been previously rejected by the courts and provides no plausible basis for relief (Def. Br., Dkt 29 at PageID.593). The Court agrees. As Defendants observe, the Supreme Court has recognized since the 1800s that the Seventh Amendment does not require a jury trial in cases against the United States. *See McElrath v. United States*, 102 U.S. 426, 440 (1880). As expressed in *McElrath*:

> Suits against the government in the Court of Claims, whether reference be had to the claimant's demand, or to the defence, or to any set-off, or counter-claim which the government may assert, are not controlled by the Seventh Amendment. They are not suits at common law within its true meaning. The government cannot be sued, except with its own consent. It can declare in what court it may be sued, and prescribe the forms of pleading and the rules of practice to be observed in such suits. It may restrict the jurisdiction of the court to a consideration of only certain classes of claims against the United States. Congress, by the act in question, informs the claimant that if he avails himself of the privilege of suing the government in the special court organized for that purpose, he may be met with a set-off, counter-claim, or other demand of the government, upon which judgment may go against him, without the intervention of a jury, if the court, upon the whole case, is of opinion that the government is entitled to such judgment. If the claimant avails himself of the privilege thus granted, he must do so subject to the conditions annexed by the government to the exercise of the privilege. Nothing more need be said on this subject.

*Id*. *But see Kuretski v. Comm'r of Internal Revenue Serv.*, 755 F.3d 929, 937 (D.C. Cir. 2014) (distinguishing *McElrath* as a case involving "personal constitutional rights" that are "subject to waiver" as opposed to a structural challenge to the proceedings).

---

[3]Section 2402 provides that "any action against the United States under section 1346 shall be tried by the court without a jury," with the exception of actions under 1346(a)(1) to recover alleged improper internal-revenue tax, penalties or collections.

In any event, this issue was also addressed, and rejected, in *Johnson*, 360 F.3d at 816, with respect to the plaintiffs' takings claims:

> the Johnsons suggest that dismissal of their takings claims violates their right to a jury trial under the Seventh Amendment. This argument fails, however, because parties are not entitled to a jury trial in most actions against the United States, see 28 U.S.C. § 2402, a limitation that derives from the sovereign power of the United States to limit when and how it may be sued. *See United States v. Sherwood*, 312 U.S. 584, 587 (1941); *United States v. Kearns*, 177 F.3d 706, 709 (8th Cir.1999).

*See also City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 719 (1999) ("It is settled law that the Seventh Amendment does not apply" in the contexts of regulatory takings suits against the United States and suits seeking only injunctive relief). Plaintiffs' attempts to distinguish this case from such authority are unavailing.

The above authority clearly establishes that this Court lacks subject matter jurisdiction to hear Plaintiffs' claims. This Court's federal question jurisdiction under 28 U.S.C. § 1331 provides no avenue for holding otherwise. *See Lenoir v. Porters Creek Watershed Dist.*, 586 F.2d 1081, 1088 (6th Cir. 1978) ("to utilize the court's federal question … jurisdiction as to the Fifth Amendment claim would override the express policy of Congress embodied in the Tucker Act") (footnote omitted).

Contrary to Plaintiffs' arguments, this Court finds no sound basis for disregarding or sidestepping, long-standing and clear, binding precedent that upholds Congress' division of jurisdiction over claims against the United States and determining that claims such as those presented by Plaintiffs in this case are exclusively within the jurisdiction of the Court of Federal Claims. As Defendant aptly points out, this Court may not "expand the scope of federal jurisdiction beyond what Congress has mandated, regardless of the wisdom of such an expansion—any policy

arguments should instead be directed at Congress." *United States v. Klingler*, 61 F.3d 1234, 1241 (6th Cir. 1995).

### B.  Declaratory Judgment

In light of the foregoing precedent and this Court's determinations, Plaintiffs are not entitled to a declaratory judgment on any of the issues presented.  Plaintiffs have not met their burden of demonstrating that the Acts at issue are unconstitutional.  *See Salazar v. Buono*, 559 U.S. 700, 721 (2010) ("Respect for a coordinate branch of Government forbids striking down an Act of Congress except upon a clear showing of unconstitutionality.").  Because this Court finds no basis for a declaratory judgment, Count Three of Plaintiffs' Complaint will be dismissed for failure to state a claim.

### IV.  Conclusion

Having fully considered the parties' arguments and relevant legal authority, the Court concludes that Defendant's motion to dismiss is properly granted.  A Judgment will be entered consistent with this Opinion and Order.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Dkt 28) is GRANTED, and this case is dismissed for lack of subject matter jurisdiction and failure to state a claim.


Dated: March  28 , 2016           /s/ Janet T. Neff
                                  JANET T. NEFF
                                  United States District Judge